

## IN THE COURT OF CRIMINAL APPEALS
## OF TEXAS

### NO. PD-0341-22

### PATRICK BRANDON, JR., Appellant

### v.

### THE STATE OF TEXAS

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE SIXTH COURT OF APPEALS
### GREGG COUNTY

*Per curiam.*

## O P I N I O N

A jury convicted appellant in two companion cases tried together and arising out of a single criminal episode. In the first cause, which is the subject of this appeal, the jury convicted appellant of three counts (the "drug cases"): possession of a controlled substance with intent to deliver, possession of a controlled substance, and unlawful possession of a firearm by a felon. Appellant was sentenced to twenty years, five years, and ten years, respectively, and also assessed fines of $10,000, $5,000, and $10,000 respectively. In the second cause, which was appealed separately, the jury convicted

appellant of aggravated robbery (the "robbery case"), and he was sentenced to 60 years and ordered to pay a $10,000 fine. The trial court did not state that the fines imposed were to run concurrently.

On appeal, appellant claimed that the trial court erred when it stacked the fines. The court of appeals agreed that the fines should not be stacked, but should run concurrently. *See* TEX. PENAL CODE § 3.03(a)(providing that sentences for offenses arising out of same criminal episode and prosecuted in single criminal action shall run concurrently). Further, the court deleted the fines from the judgments in the drug cases, and noted that the fine in the robbery case would remain in the judgment. *Brandon v. State*, No. 06-21-00086-CR slip op. at 4 (Tex. App.–Texarkana June 22, 2022)(not designated for publication).

The State has filed a petition for discretionary review of this decision, contending that the fines running concurrently in these cases under Penal Code section 3.03(a), should be "treated as a unitary fine" so that they discharge together. We recently addressed this issue in *Anastassov v. State*, No. PD-0848-20 slip op. (Tex. Crim. App. Oct. 5, 2022). There, we observed that "where multiple fines are assessed in a same-criminal-episode prosecution and they are ordered to be discharged concurrently, they discharge in the same manner as concurrent terms of confinement–the defendant pays the greatest amount of fine but receives credit for satisfying all of the multiple concurrent fines." *Id.* at 10. In light of these principles, the Court held that the court of appeals erred

by deleting one of the lawfully-assessed fines from the judgment. *Id.* at 10-12.

The Court of Appeals in the instant case did not have the benefit of our opinion in *Anastassov.* Accordingly, we grant the State's petition for discretionary review, vacate the judgment of the Court of Appeals, and remand this case to the Court of Appeals in light of our opinion in *Anastassov.*

Delivered: November 16, 2022
Do Not Publish